# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TARIQ ELLIOTT, | Civil Action No. 18-6347 (BRM)(LHG) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| JAMES PIGOTT, *et al.*, | |
| Defendants. | |

**THIS MATTER** is opened to the Court by *pro se* Plaintiff Tariq Elliott ("Plaintiff"), an individual currently confined at Monmouth County Correctional Institution in Freehold, New Jersey, upon the filing of a civil rights action pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1). (ECF No. 1.) The Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*.

Under the Act, a prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *Id.*

The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. A prisoner who is granted *in forma pauperis* status will, instead, be assessed a filing fee of $350 and will not be responsible

for the $50 administrative fee. If *in forma pauperis* status is denied, the prisoner must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

If the prisoner is granted *in forma pauperis* status, the prisoner must pay the full amount of the $350 filing fee as follows. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

In other words, Plaintiff must pay the entire filing fee even if he is granted leave to proceed *in forma pauperis* and even if the case is dismissed before the entire fee has been paid. The Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

In this action, Plaintiff failed to submit any *in forma pauperis* application as required by 28 U.S.C. § 1915(a). In addition, Plaintiff also failed to sign his Complaint, as is required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 11 ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented.").

Accordingly,

**IT IS** on this 13th day of April 2018;

**ORDERED** that Plaintiff's implied request to proceed *in forma pauperis* is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this case, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Heriff's Dep't*, 413 F. App'x 498, 502 (3d Cir. 2011) ("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs . . . ."); and it is further

**ORDERED** that the Clerk of the Court shall send Plaintiff the form entitled Affidavit of Poverty and Account Certification (Civil Rights)(DNJ ProSe 007 A(Rev. 5/13)) to be used by Plaintiff in any future application to proceed *in forma pauperis* and a blank civil rights complaint form; and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed *in forma pauperis* application, including a certified prison account statement for the six months immediately preceding the filing of the Complaint, or (2) the $400 fee including the $350 filing fee plus the $50 administrative fee, **AND** an amended complaint which is signed by Plaintiff; and it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete *in forma pauperis* application or payment of the filing and

3

administrative fees, as well as a signed amended complaint, within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**